
FILED
IN OPEN COURT

SEP 22 2020

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 1:20-cr-208 |
| | ) | |
| ALJOHARAH ALTAMIMI, | ) | |
| | ) | |
| Defendant. | ) | |

## CONSENT ORDER OF FORFEITURE

WHEREAS, on September 22, 2020, the defendant, Aljoharah Altamimi, pleaded guilty to a single-count criminal information charging the defendant with export smuggling, in violation of Title 18, United States Code, Section 554, and agreed to the forfeiture of assets that are the subject of this order of forfeiture;

AND WHEREAS, the defendant agreed to waive provisions of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2(a), 32.2(b)(4) and 43(a) with respect to notice in the criminal indictment that the government will seek forfeiture as part of any sentence in this case, and that entry of this order shall be made a part of the sentence, in or out of the presence of the defendant, and included in the judgment in this case without further order of the Court.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the following assets are forfeited to the United States of America, as proceeds of the export of merchandise from the United States in violation of the offense of conviction:

(a) 25 military grade rifle barrels seized from a commercial establishment in Arlington, Virginia on February 6, 2020;

(b) 3 military grade rifle barrels seized from a commercial establishment in Arlington, Virginia on February 20, 2020; and

(c) 3 military grade rifle barrels seized from the defendant's residence in Arlington, Virginia on February 24, 2020.

2. The United States shall publish notice of this order and of its intent to dispose of the property in such manner as the Attorney General may direct, including publication on the Government's Internet site, www.forfeiture.gov , for 30 consecutive days, and to the extent practicable, provide direct written notice to any persons known to have alleged an interest in the property pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n)(1) & (2).

3. This Order of Forfeiture is final as to the defendant, and shall be made part of the defendant's sentence and included in the Judgment in this case pursuant to Fed. R. Crim. P. 32.2(b)(4).

4. Any person, other than the defendant, asserting any legal interest in the property may, within thirty (30) days of the final publication of notice or his receipt of notice, whichever is earlier, petition the court for a hearing to adjudicate the validity of the alleged interest in the property pursuant to Fed. R. Crim. P. 32.2(c)(1) and 21 U.S.C. § 853(n)(2).

5. If no third party files a timely petition this Order shall become the Final Order of Forfeiture, and the United States shall have clear title to the property and may warrant good title to any subsequent purchaser or transferee pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(7).

6. If this Court grants any third party rights, a Final Order of Forfeiture that amends this Order as necessary to account for said third party rights, shall be entered pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n)(6).

Date: Sept. 22, 2020
Alexandria, Virginia

_____
United States District Judge Claude M. Hilton

WE ASK FOR THIS:

G. Zachary Terwilliger
United States Attorney
Eastern District of Virginia

By: _____
Ronald L. Walutes, Jr.
Assistant United States Attorney

By: _____
Michael E. Eaton
Trial Attorney, Detail
National Security Division


By: _____
Aljoharah Altamimi
Defendant


By: _____
Travis D. Tull, Esq.
Counsel for the Defendant

3